## GEORGE WISECARVER v. J. H. ADAMSON.

118        53
d 24 SC 513

ERROR TO THE COURT OF COMMON PLEAS OF GREENE
COUNTY.

Argued October 5, 1887—Decided January 3, 1888.

When, under the terms of a contract, a heavy article like lumber is to be
delivered at a particular place, it is the duty of the vendee to make de-
mand at the place of delivery before the vender would be in such de-
fault as to render him liable to pay in money.

Before GORDON, C. J., PAXSON, STERRETT, GREEN and
WILLIAMS, JJ., TRUNKEY and CLARK, JJ., absent.

No. 193 October Term 1887, Sup. Ct.; court below, No. 57
June Term 1884, C. P.

The cause below was on an appeal by the defendant from a
judgment by a justice of the peace in favor of J. H. Adamson
against George Wisecarver for $34.03.

At the trial on January 18, 1887, the plaintiff, J. H. Adam-
son, proved that in 1881 he was operating a planing mill in
Waynesburgh, and the defendant, George Wisecarver, owning
a farm in Franklin township, became indebted to him for
dressing oak flooring and poplar siding to the amount of
$31.93. The defendant, George Wisecarver, introduced evi-
dence tending to support his claim, that in February, 1881, he
had made a contract with one Martin Windell, who was then
operating the planing mill, by which Windell was to dress
lumber for him at 50 cents per 100 feet, to be paid in lumber
at $2.00 per 100 feet, the lumber to be delivered to Windell on
Wisecarver's farm; that under this contract Wisecarver in
March, 1881, delivered 2675 feet of oak flooring at the mill to
be dressed, and soon afterwards, Windell, having sold the
planing mill to Adamson, the latter engaged to carry out the
contract as made with Windell; that in September or October,
1881, Wisecarver sent to the planing mill a lot of oak flooring
and poplar siding to be dressed, which he afterwards received;
that he never received any part of the 2675 feet of lumber
delivered at the mill before the sale to Adamson, which lum-
ber was turned over to and used by Adamson, and Wisecarver

was entitled to credit therefor. The plaintiff denied that he had ever undertaken the performance of Windell's contract with Wisecarver.

The court, INGHRAM, P. J., charged the jury as follows :

On the part of the plaintiff, he does not deny that he did receive part of the lumber that Wisecarver delivered to the mill while Windell was the owner or occupier, but he claims that the testimony shows, that at the time of the sale by Windell to Adamson there was but between six and seven hundred feet of lumber in the mill belonging to the defendant, Wisecarver. He does not deny that there was that amount of lumber there, and that he used it or sold it, but he claims to have given the defendant credit with all the lumber he sold or converted to his own use ; that he gave him credit with it at such price as lumber of that kind was selling for at his mill, and that for such sawing as was done afterwards, he did the work he has charged for and that the prices are just such prices as he charged other people at that time for such work ; and that giving the plaintiff, or defendant, credit for the amount of lumber that he used or sold belonging to the defendant, there is still due him from the defendant the sum of thirty-one dollars and ninety-three cents ; and he denies that there was any such contract between him and the defendant as claimed by the defendant after the purchase of the mill, that he was to take his pay for the work performed in dressing the defendant's lumber, in lumber at two dollars a hundred at the farm of the defendant in Franklin township. If you should find from the evidence that there was no such contract between Adamson and Wisecarver as claimed by Mr. Wisecarver, then it will be your duty to ascertain from the evidence how much work Adamson did at his planing mill for Wisecarver and whether the prices charged were reasonable or not, and whether he has been paid for that work. . . . . . But if you find that there was a contract between Wisecarver and Windell, and Adamson afterwards agreed to carry out that contract, or that there was a contract between Wisecarver and Adamson such as is claimed by Mr. Wisecarver, then has that contract been carried out ? Has Adamson accounted for all the lumber received by him from the defendant ? Has he

charged him what he agreed to charge him for dressing his lumber, and has the lumber been delivered over? If it has been and Adamson has been paid the full amount of his claim as against Wisecarver for the labor performed, then he would not have a right to recover in this action and your verdict should be for the defendant. It will be altogether a question of fact for you under the evidence in the case as you may find it to be one way or the other. [Something has been said in your hearing as to the manner of payment. As we view the matter now, that is a question about which the jury need have no concern. It may come before the court hereafter for determination, but for the present it is not a matter for the jury to consider.] [4]

On the part of the defendant we have been requested to instruct you:

1. If the jury believe from the evidence that the contract between Martin Windell and George Wisecarver was, that the said Martin Windell was to plane and dress the lumber of the said Wisecarver at his planing mill at 50c per 100 feet, and in payment for said planing and dressing, was to take oak flooring lumber at $2.00 per 100 feet to be taken by the said Martin Windell at the farm of the said Wisecarver in Franklin township, and that the said J. H. Adamson, the plaintiff, agreed with the said George Wisecarver to fulfill said contract between said Windell and said Wisecarver, and that the planing and dressing of flooring and siding, for which this suit is brought, was done under and upon the terms of the said contract, and that the said George Wisecarver had then, and has always had, and still has, the lumber so agreed by him to be delivered to the said Windell and Adamson in payment for the planing and dressing of said lumber. and has always been ready and willing to deliver the same to the said J. H. Adamson, whenever called for ; then the plaintiff is not entitled to recover, and the verdict ought to be for the defendant.

Answer: Refused. [1]

2. If the jury believe from the evidence that J. H. Adamson used or sold enough, or more than enough of the lumber of the said George Wisecarver which came to his hands by the delivery of the same, by the said George Wisecarver to the said Martin Windell, and by the said Windell to Adamson,

sufficient in amount to cover his bill for planing and dressing, then the plaintiff ought not to recover, and the verdict should be for the defendant.

Answer: Affirmed.

On the part of the plaintiff we have been requested to instruct you:

2. The plaintiff is entitled to recover a verdict in this case for the full amount that the jury may find to be due him from the defendant under the evidence, and this, notwithstanding the fact that they may believe that J. H. Adamson had agreed to take lumber in payment for the work, and may further believe that George Wisecarver had and has lumber upon his farm sufficient to pay the amount due the plaintiff.

Answer: The second point is correct and is affirmed. If you should find that there is anything due from Adamson to Wisecarver, you will so state in your verdict. As we stated before, as to the manner of payment, if Adamson was to take lumber, if you find that he was, you need not give yourselves any concern about that. That is a question that will arise hereafter. [2]

3. The fact that George Wisecarver has lumber upon his farm sufficient to pay the claim of the plaintiff, is not such a tender of payment as would prevent the plaintiff from recovering a judgment in this suit for the full amount found to be due him.

Answer: If it is intended by that point to convey the idea that it was necessary for Wisecarver to make a tender of this lumber, it is not correct. If there was a contract between Adamson and Wisecarver by which Adamson was to take lumber, it was Adamson's duty to demand it, not Wisecarver's to tender it. If that be the meaning of the point it is not correct. But if it be only meant that there is lumber there, that need not be a bar to a recovery at your hands of a verdict for the plaintiff, if you should find that there is anything due to the plaintiff in this case, and with that qualification the point is correct and is affirmed. [3]

The verdict of the jury was for the plaintiff for $10.37, and, judgment being entered, the defendant took this writ, assigning for error:

1. The answer to the defendant's first point.[1]
2. The answer to the plaintiff's second point.[2]
3. The answer to the plaintiff's third point.[3]
4. The part of the charge embraced in [ ].[4]

*Mr. R. L. Crawford* (with him *Mr. J. H. Wise*), for the plaintiff in error:

The contract relied upon by the defendant if found to be established, gave a specific place for the delivery, and it was therefore a sufficient tender to be present and ready at the place designated with the thing to be delivered: Whart. Cont., § 990; Case v. Green, 5 W. 262; there could be no recovery without a previous demand at the premises: Hamilton v. Calhoun, 2 W. 139; Roberts v. Beatty, 2 P. & W. 63; Robbins v. Luse, 4 Mass. 474; Chit. Cont. 28. Although the lumber which plaintiff was to take was with other lumber of the same kind, the delivery would be good: 2 Pars. Cont. 159; 2 Kent Com. § 505.

*Mr. R. F. Downey*, for the defendant in error:

The evidence brings this case within Fleming v. Potter, 7 W. 380. The alleged contract calling for payment by specific articles at a certain place, it was the duty of the defendant to show that he was ready and willing and continued ready and willing to do so. The defendant in his testimony said: "I have always been ready and willing to give him the lumber if there was anything coming to him." He did not intend to deliver to the plaintiff until the latter had established his right. There is a vast difference between a readiness and a willingness to pay: North Amer. Oil Co. v. Forsyth, 48 Pa. 299. It was the duty of the defendant to be ready and to tender or offer to deliver: Santee v. Santee, 64 Pa. 479. When the articles are cumbrous, the vender must seek the vendee and make known his readiness and willingness to deliver: Allen v. Woods, 24 Pa. 78; Barr v. Myers, 3 W. & S. 299.

OPINION, MR. JUSTICE PAXSON:

We are of opinion that the defendant's first point should have been affirmed. If, as stated in the point, the lumber of the defendant below was to be planed and dressed at the plaint-

iff's mill at a price agreed upon, and the plaintiff was to take lumber of the defendant at a fixed price in payment, and to be delivered at the farm of the latter, and the defendant had and kept at the place of delivery a supply of such lumber, which he was at all times ready and willing to deliver to plaintiff, and sufficient to pay his bill for sawing, it was plaintiff's duty to make demand at the place of delivery for the lumber before the defendant would be in such default as to render him liable to pay in money. If the jury had found the facts as stated in this point it would have been their duty to render a verdict for the defendant. Authority is scarcely needed for so plain a proposition. It is sufficient to refer to Hamilton v. Calhoun, 2 W. 139; Roberts v. Beatty, 2 P. & W. 63. Where a heavy article like lumber is to be delivered at a particular place, the debtor is not required to make a tender of it unless the creditor will go after it. This the plaintiff never did. He presented his bill to the defendant and demanded payment. The defendant objected unless plaintiff would take lumber as he had agreed to do. This was his right under the facts assumed in the point.

The remaining assignments refer to the same question and do not require separate discussion.

> The judgment is reversed and a venire facias de novo awarded.