## Merchants' Trust Company *v.* Potter, Appellant.

*Contract—Building contract—Agreement with material men—Nondelivery—Specific order.*

Where a material man for the supplying of lime for a building operation " agrees to begin the delivery of the said materials upon five days' notice, and thereupon to deliver the same as rapidly as the work upon said buildings shall require without further notice," he cannot allege as an excuse for nondelivery, and as a ground for resisting the rescission of the contract, that he did not receive formal orders in each instance for deliveries as required.   Under his agreement it was his duty to inquire and ascertain how much lime would be required each day, and then to deliver it.

Argued Dec. 18, 1903.   Appeal, No. 123, Oct. T., 1903, by defendant, from order of C. P. No. 2, Phila. Co., March T., 1902, No. 2260, dismissing exceptions to referee's report in case of Merchants' Trust Company, Assignee of Solomon Greenberg, v. Jacob F. Potter and the Equitable Trust Company.   Before Rice, P. J., Beaver, Orlady, Smith, Porter, Morrison and Henderson, JJ.   Affirmed.

Exceptions to report of John C. Bell, Esq., referee.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was in dismissing exceptions to report of referee.

*William W. Porter*, with him *Charles L. Smyth* and *Russell Duane*, for appellants.—Where goods of different kinds aggregating a gross sum in value are agreed to be delivered, and there is no designation by the buyer of the dates of delivery or of the kinds or quantities of goods, there is no default by the seller unless the buyer first designates the goods desired and orders their delivery and the seller then neglects to de-

liver them : Dwight v. Eckert, 117 Pa. 490 ; Wisecarver v. Adamson, 118 Pa. 53 ; 1 Benjamin on Sales, ( 7th ed.), sec. 679 ; Hamilton v. Calhoun, 2 Watts, 139 ; Merchants', etc., Nat. Bank v. Spratt, 108 Pa. 97 ; Templeton v. Shakley, 107 Pa. 370.

*J. Quincy Hunsicker,* for appellee.—After the first notice the vendor became the actor, and it was then his duty to continue to deliver the goods as rapidly as they were needed, a fact to be ascertained by inquiry of the bricklayer or his employees : Santee v. Santee, 64 Pa. 473 ; Cleveland & Co. v. Sterrett, 70 Pa. 204 ; Dwight v. Eckert, 117 Pa. 490 ; Heller's Est., 19 Pa. C. C. Rep. 301 ; Cleveland Rolling-Mill Co. v. Rhodes, 121 U. S. 255 (7 Super. Ct. Rep. 882) ; Brooklyn Oil Refinery v. Brown, 38 How. Prac. Rep. 444 ; Rogers v. Van Hosen, 12 Johns. 221 ; Lobdell v. Hopkins, 5 Cow. 516 ; Wilmouth v. Patton, 2 Bibb, 280 ; Phelps v. Hubbard, 51 Vt. 489 ; Barr v. Myers, 3 W. & S. 295 ; Goodwin v. Holbrook, 4 Wend. 377 ; Roberts v. Beatty, 2 Pen. & Watts, 63 ; Hapgood v. Shaw, 105 Mass. 276 ; Wisecarver v. Adamson, 118 Pa. 53.

OPINION BY MORRISON, J., March 14, 1904 :

This action was brought upon a bond given by Jacob F. Potter and the Equitable Trust Company, defendants, to Solomon Greenberg, plaintiff's assignor, in the sum of $2,500, conditioned for the faithful performance by said Potter of a certain agreement made with Greenberg.

The plaintiff's statement alleges a breach of condition of the bond. The affidavit of defense denies the breach and issue was joined and the case referred to John C. Bell as referee. An examination of the findings of fact, conclusions of law and opinion of the learned referee convinces us of the correctness of his conclusion : that there was a breach of conditions of the bond and that the plaintiff suffered damages thereby, and we think the measure of damages found by the referee is correct. The material clause in the contract is as follows : " The said Potter agrees to begin the delivery of the said materials upon five days' notice, and thereupon to deliver the same as rapidly as the work upon said buildings shall require without further notice."

There was another clause of the contract giving Greenberg

the right to annul and vacate the contract if Potter in the
opinion of Greenberg, refused, omitted or neglected to supply
a sufficiency of materials.   The learned referee found as a fact
that Potter did from time to time omit and neglect to supply
proper and sufficient quantities of lime as rapidiy as the work
upon said buildings required, with the result that the brick-
layers were obliged to quit work from time to time, thus seri-
ously delaying the erection and completion of Greenberg's
buildings.

The learned referee also found that as a result of Potter's
neglect the actual damage suffered by Greenberg was $843.54
with interest from November 14, 1901, and this is the amount
which he recommends judgment should be entered for against
the defendants.

The defendant, Potter, did not contend that he strictly com-
plied with the terms of his contract, but by way of excuse con-
tended that he had the right to wait for a formal order or
demand by Greenberg, in each instance, before making deliv-
eries of the material specified.   The learned referee held, we
think correctly, that the plain intent and meaning of the clause
above quoted required Potter to inquire and ascertain from
day to day from Greenberg, his superintendent, the contractor
for the bricklaying, or his mortar mixer at the buildings, how
much lime would be required each day, and then to deliver it.
We think this construction is correct.   Potter contracted to
begin the delivery of the materials upon five days' notice, and
thereupon to deliver the same as rapidly as the work upon said
buildings shall require without further notice.   Under the
plain terms of this contract Potter could not discharge his full
duty by waiting from day to day to be called upon for material.
It was his duty to inquire and deliver material as fast as it was
needed.   Having failed to do this, it was clearly within the
power of Greenberg to rescind the contract as he did by his
letters of October 24th and 29th respectively.   We have already
said that the liquidation of damages was provided by the con-
tract and that we discover no error in the conclusion reached
as to the amount of the damages.

The learned counsel for the defendants state their position
as follows : " Where goods of different kinds aggregating a
gross sum in value, are agreed to be delivered, and there is no

designation by the buyer of the dates of delivery or of the kinds or quantities of goods, there is no default by the seller unless the buyer first designates the goods desired and orders their delivery and the seller then neglects to deliver them." In support of this principle Hamilton v. Calhoun, 2 Watts, 139, is cited. But that is not a case where specific articles were contracted to be delivered at a place named for a specific purpose like lime, etc., for plastering buildings which were under construction. Nor was there an agreement in that case that the articles should be delivered without further notice :· Merchant's, etc.; Nat. Bank v. Spratt et al., 108 Pa. 97, is also cited. But the facts in that case are entirely different from the one under consideration. · Templeton et al. v. Shakely, 107 Pa. 370, is also cited. In that case the oil was to be delivered in the pipe line when called for at any time within six months. It was held the duty of the defendants upon demand to deliver the oil as they agreed, and the duty to deliver is conditioned upon a demand. But that was not a case of an agreement to deliver specific articles for a specific purpose without further notice, and therefore the case is not in point. Dwight et al. v. Eckert, 117 Pa. 490, is cited. But we think it is an authority against the contention of the defendant. In substance it holds in a contract for the sale and delivery of goods free on board vessel, the seller is under no obligation to act until the buyer names the ship to which the delivery is to be made ; but, where, by the nature of the express provisions of the contract, either the time or the place of delivery is at the seller's option, he becomes the actor, and it is his duty to give notice of the time or place of delivery before there is any obligation upon the buyer to name the vessel.

In the case under consideration the defendant, Potter, contracted to deliver the material at a place stated, to be used in plastering certain houses, and the work was under way and he had waived further notice, and it was within his power to ascertain from day to day how much material was needed, and it was clearly his duty to furnish the same without further demand. Wisecarver v. Adamson, 118 Pa. 53, is also cited. But we think the doctrine of that case has no application to the facts in our case. Benjamin on Sales is quoted as follows: "In the absence of a contrary agreement the vendor is not

bound to send or carry the goods to the vendee. He does all that he is bound to do by leaving or placing the goods at the buyer's disposal so that the latter may remove them without lawful obstruction. And if a delivery by the vendor is to take place upon the doing of certain acts by the purchaser, the vendor is not in default for nondelivery until notice from the purchaser of the performance of the acts on which the delivery is to take place."

We are unable to see how this doctrine helps the defendant out in the case under consideration. There was a contrary agreement, that is, the vendor agreed to deliver the material without further notice as rapidly as the same might be needed, and this he did not do. Therefore the doctrine laid down in Benjamin on Sales does not help him.

We think the findings of fact and conclusions of law fully sustain the judgment in this case. The assignments of error are all dismissed and the judgment is affirmed.